# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT ANTHONY BURGESS,

      Petitioner,

v.

DAVID BERGH,

      Respondent.

_____/

CASE NO. 2:09-CV-10521
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Robert Anthony Burgess, a state inmate, filed this habeas case under 28 U.S.C. § 2254.[1] Petitioner was convicted after a jury trial in the Oakland Circuit Court of first degree murder, MICH. COMP. LAW 750.316, felon in possession of a firearm, MICH. COMP. LAW 750.224f, and possession of a firearm during the commission of a felony. MICH. COMP. LAW 750.227b. For the reasons which follow, the petition will be denied.

### I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

---

[1] Petitioner has been transferred to the Thumb Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254. Therefore, the Court substitutes Warden David Bergh in the caption.

This action arose from the fatal shooting of the decedent, Mitchell Butler, outside the Paradise Club in Southfield where defendant worked as a doorman or "bouncer." On the day in question, a fight broke out after several men outside the club intervened in an altercation between a male and female. Defendant exited the club, contrary to his employer's policy that bouncers were not to go outside and break up fights. Once the fight subsided, the male who was involved in the initial altercation with the female sustained several injuries including a broken cheekbone. Witnesses differed whether defendant was involved the fight; however, defendant was observed with blood on his face. Defendant went to his minivan, opened the door, and proceeded to go back inside the club. Within a few minutes, defendant walked out of club with a .38 revolver and approached the unarmed decedent. Witnesses testified that defendant shot the decedent at point-blank range. At trial, defendant claimed that, because the decedent reached for the gun, he acted in self-defense or in defense of others. Following deliberations, the jury convicted defendant.

*People v. Burgess*, 2005 Mich. App. LEXIS 3184 (Mich. Ct. App. Dec. 20, 2005).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

I. Defendant was deprived of his Ams V and XIV rights of due process when irrelevant and unfair evidence was introduced, namely, evidence of defendant's status as a convicted felon, notwithstanding the charged crime.

II. Defendant was deprived of his Ams V and XIV rights of due process and his Am VI right to a fair trial when the evidence failed to support a finding of guilt beyond a reasonable doubt.

III. Defendant was deprived of his Ams V and XIV rights of due process when the court denied defendant's request that the jury be instructed on defense others.

IV. Defendant was deprived of his Am V and XIV rights of due process when the Prosecutor introduced evidence of flight.

The Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court which raised the same claims. The Michigan Supreme Court denied the application in a standard order. *People v. Burgess*, 475 Mich. 871, 714 N.W.2d 323 (2006).

2

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the following claims:

> I. Mr. Burgess was deprived of his due process rights to a fair trial where the prosecutor repeated attempted to shift the burden of proof, as guaranteed by the fifth and fourteenth amendments of the United States constitution.
>
> II. Mr. Burgess was deprived of his due process rights to a fair trial, where the prosecutor insinuated that the jurors should not believe the defendant because he was the only one with a reason to fabricate testimony, during closing arguments.
>
> III. Defendant burgess was deprived of his Sixth Amendment right to effective assistance of counsel, where (a) counsel failed adequately to prepare for trial, (b) failed to investigate possible meritorious defenses, (c) failed to object to acts of prosecutorial misconduct.
>
> IV. Defendant was deprived of his due process right to a fair trial where the trial court refused to give a manslaughter jury instruction.
>
> V. Defendant was deprived of his Sixth Amendment right to effective assistance of counsel, where counsel failed to request lesser included offenses of involuntary manslaughter and reckless use of a-firearm jury instructions, where the proofs presented warranted such instructions.
>
> VI. Defendant's due process rights to a fair trial were violated by the cumulative effect of errors.
>
> VII. Defendant was deprived of his Sixth Amendment right to effective assistance of appellate counsel, where counsel failed to research, and raise significant and obvious meritorious issues on appeal of right.
>
> VIII. Mr. Burgess meets the good cause and actual prejudice requirements with the showing that appellate counsel failed to bring forth significant issues on appeal of right that would have had a direct bearing on the verdict.

The trial court denied the motion on the grounds that "defendant cannot satisfy the good cause prong of the two-part standard under Michigan Court Rule 6.508(D)(3)," and "defendant has failed to demonstrate actual prejudice." Opinion of Trial Court dated Dec. 20, 2006, at 4.

3

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The application was denied "because defendant has failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D)." *People v. Burgess*, No. 279002 (Mich. Ct. App. January 23, 2008)).  Petitioner applied for leave to appeal this decision in the Michigan Supreme Court, but it was also denied under Rule 6.508(D). *People v. Burgess*, 482 Mich. 971, 755 N.W.2d 176 (2008).

## II.   Analysis

### A.   Standard of Review

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

4

(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); see also *Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*,    U.S.   , 131 S. Ct. 770, 789, 178 L. Ed. 2d 624 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show  that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412.  Section 2254(d) "does not require citation of [Supreme Court] cases — indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision

contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Evidence of Petitioner's Prior Felony

Petitioner first claims that the trial court erred in allowing the prosecutor to introduce evidence that Petitioner was previously convicted of a felony.  Respondent asserts that the claim is procedurally defaulted because Petitioner's trial counsel stipulated to the introduction of the evidence.

The Michigan Court of Appeals considered and rejected this claim as follows:

Defendant first argues that he was unduly prejudiced by a stipulation informing the jury that he had a prior unspecified felony conviction.  Defendant's claim lacks merit. It is well established that a defendant may not "harbor error as an appellate parachute." *People v. Fetterley*, 229 Mich. App. 511, 520; 583 N.W.2d 199 (1998). Defendant cannot stipulate to an action and then claim error on appeal.  A party may not seek appellate relief based on an evidentiary error to which he contributed by plan or negligence. *People v. Gonzalez*, 256 Mich. App. 212, 224; 663 N.W.2d 499 (2003).

*Burgess*, 2005 Mich. App. LEXIS 3184, at *4.

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

6

violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

As reflected in the opinion of the Michigan Court of Appeals, there is no question that the procedural rule which requires preserving issues at the trial by contemporaneous objection was firmly established and regularly followed at the time of Petitioner's appeal. *See People v. Carines*, 460 Mich. 750, 764; 597 N.W.2d 130 (1999); *People v. Grant*, 445 Mich. 535, 546-47; 520 N.W.2d 123 (1994). *See also, People v. Pollick*, 448 Mich. 376, 386-88; 531 N.W.2d 159 (1995), *quoting People v. Hardin*, 421 Mich. 296, 322-23; 365 N.W.2d 101 (1984) (court does not approve a procedure whereby counsel may "sit back and harbor error to be used as an appellate parachute in the event of jury failure").

Accordingly, review of Petitioner's claim is barred unless he can establish cause to excuse the default and prejudice. Petitioner can do neither. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense

impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner states in his reply brief that his procedural default should be excused due to the ineffectiveness of his attorney. However, there was nothing ineffective about his counsel's decision to stipulate that Petitioner previously had been convicted of a felony. Petitioner was charged with felon in possession of a firearm. The fact that Petitioner was a felon was a necessary element of that offense, and evidence of that fact was admissible. *People v. Nimeth*, 236 Mich. App. 616, 627; 601 N.W.2d 393 (1999). Counsel's decision to stipulate to the prior felony was a matter of reasonable trial strategy. In fact, failing to enter into the stipulation would likely have resulted in more damaging evidence regarding the nature of the prior felony - which in this case happened to be a bank robbery - coming before the jury. *See, e.g.*, *Bradley v. Birket*t, 2006 U.S. Dist. LEXIS 3037, 9-11 ( E.D. Mich. Jan. 27, 2006).

Moreover, Petitioner has not demonstrated that he suffered actual prejudice. "Prejudice, for purposes of procedural default analysis, requires a showing that the default of the claim not merely created a possibility of prejudice to the defendant, but that it worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002) (*citing United States v. Frady*, 456 U.S. 152, 170-71). There was no prejudice here because even without the stipulation, evidence of Petitioner's prior felony would have been introduced at trial to support the felon in possession of a firearm charge. Accordingly, review of Petitioner's first habeas claim is procedurally barred.

C. <u>Sufficiency of the Evidence</u>

Petitioner next argues that insufficient evidence was presented at trial to support the elements of premeditation and deliberation for his conviction of first-degree murder. Respondent asserts that the Michigan Court of Appeals decision rejecting this claim was reasonable.

The relevant question on review of a sufficiency-of-the-evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16.

In Michigan, the elements of premeditated murder are: (1) the defendant killed the victim and (2) the killing was "willful, deliberate, and premeditated." *People v. Bowman*, 254 Mich. App. 142, 151; 656 N.W.2d 835 (2002) (quoting MICH. COMP. LAWS § 750.316(1)(a)). "To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *People v. Morrin*, 31 Mich. App. 301, 329-30; 187 N.W.2d 434 (1971) (footnotes omitted). Premeditation and deliberation may be inferred from all the circumstances, including "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v. Schollaert*, 194 Mich. App. 158, 170; 486 N.W.2d 312 (1992).

"A pause between the initial homicidal intent and the ultimate act may, in the appropriate circumstances, be sufficient for premeditation and deliberation." *People v. Plummer*, 229 Mich. App. 293, 301; 581 N.W.2d 753 (1998) (*citing People v. Tilley*, 405 Mich. 38, 45; 273 N.W.2d 471 (1979)). "Although there is no specific time requirement, sufficient time must have elapsed to allow

9

the defendant to take a 'second look.'" *Id.* at 300 (*citing People v. DeLisle*, 202 Mich. App. 658, 660; 509 N.W.2d 885 (1993), and *People v. Anderson*, 209 Mich. App. 527, 537; 531 N.W.2d 780 (1995)). A person is justified in using deadly force against another person if the person "honestly and reasonably believes that his life is in imminent danger or that there is a threat of serious bodily harm." *People v. Heflin*, 434 Mich. 482, 502; 456 N.W.2d 10 (1990).

Here, viewed most favorably to the prosecution, ample evidence was presented at trial to satisfy the prosecutor's burden of demonstrating that Petitioner acted with premeditation and deliberation when he killed the victim. The evidence produced at trial showed that after the scuffle between Petitioner and the other participants had ended, Petitioner walked across the parking lot to his van. Viewed in favor of the prosecution, the jury may have inferred that Petitioner then retrieved his gun from the van before walking back to the area near the club entrance. Petitioner then went back inside the club and came out a minute later. Petitioner then approached the victim. As he did so, others told Petitioner to stop and to put the gun away. Instead, Petitioner raised the gun within inches of the victim's chest and shot the unarmed victim.

This evidence supports an inference that Petitioner premeditated and deliberated an intent to kill the victim after the fight ended. There was ample evidence from which the jury could conclude that Petitioner was able to take a "second look" at his contemplated actions when he left the scene of the fight to obtain his handgun. The jury was not obligated to credit Petitioner's own testimony that he only shot the victim because the victim tried to reach for Petitioner's gun.

Even if the Court had concluded that Petitioner's murder conviction was not supported by sufficient evidence, "the question would remain whether the [Michigan] Court of Appeals was unreasonable in concluding otherwise." *Saxton v. Sheets*, 547 F.3d 597, 607 (6th Cir. 2008). In

making this determination, a federal habeas court must defer to the jury's verdict and to the state court's determination of whether the verdict was supported by sufficient evidence. *Phillips v. Bradshaw*, 607 F.3d 199, 220 (6th Cir. 2010) (citing *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007)), cert. denied,    S. Ct.   , 131 S. Ct. 1605, 179 L. Ed. 2d 506, 2011 WL 767607 (U.S. Mar. 7, 2011).

The state court's conclusion — that the evidence was sufficient to sustain Petitioner's murder conviction — was objectively reasonable and neither contrary to, nor an unreasonable application of, *Jackson*. It certainly was not so lacking in justification as to amount to an error beyond any possibility of fairminded disagreement. Accordingly, Petitioner is not entitled to relief on the basis of his challenge to the sufficiency of the evidence.

### D. Defense of Others Jury Instruction

Petitioner next claims that the trial court erroneously refused to instruct the jury on the defense-of-others defense. The Michigan Court of Appeals rejected this claim as follows:

> Defendant also argues that the trial court erred by denying his request for a jury instruction on defense of others. We disagree.
>
> A trial court is required to give a defendant's requested instruction except where the theory is not supported by the evidence. *People v. Rodriguez*, 463 Mich. 466, 472-473; 620 N.W.2d 13 (2000). When a requested instruction is not given, the defendant has the burden of establishing that the trial court's error resulted in a miscarriage of justice or was outcome determinative. *Id.* at 473-474; MICH. COMP. LAWS 769.26.
>
> Here, the evidence did not support the giving of an instruction on defense of others. According to witnesses at trial, the fight had basically ended, defendant was talking to the decedent, and the decedent was "just standing there" when defendant pulled out his gun and shot him in the chest. Defendant claimed that he shot his gun because the decedent reached for it. This evidence did not support an instruction on defense of others. Further, even if there was some evidence to support such a defense, it is not probable than not that any error in failing to instruct on defense of others affected the outcome. *Rodriguez, supra* at 472-473; *People v. Lukity*, 460

11

Mich. 484, 495-496; 596 N.W.2d 607 (1999). The jury was instructed that it could find defendant guilty of first-degree premeditated murder only if the killing was "premeditated, that is, thought out beforehand," and only if the jury concluded that "defendant considered the pros and cons of the killing and thought about and chose his actions before he did it." The jury was told that defendant was not guilty of first-degree murder if he acted on "sudden impulse without thought or reflection," or if the killing was "justified, excused or done under circumstances that reduce it to a lesser crime." The jury is presumed to follow the court's instructions. *People v. Graves*, 458 Mich. 476, 486; 581 N.W.2d 229 (1998). If the jury believed defendant's testimony that he was trying to protect others, and shot the decedent on impulse because of his concern for the safety of others, it would not have convicted him of first-degree premeditated murder. Therefore, any error was harmless. *Rodriguez, supra*.

*Burgess, supra*, at *7-9.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 154-55 (1977). A habeas petitioner's burden of showing prejudice is especially heavy when a petitioner claims that a jury instruction was incomplete, because an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *See Hardaway v. Withrow*, 305 F. 3d 558, 565 (6th Cir. 2002).

A defendant is entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). Under Michigan law, self defense or defense of others is established if the defendant (1) acted in response to an assault, *City of Detroit v. Smith*, 235 Mich. App. 235; 597

N.W.2d 247, 249 (1999), and (2) honestly and reasonably believed that his life or the life of another person was in imminent danger or that there was a threat of serious bodily harm. *People v. Heflin*, 434 Mich. 482; 456 N.W.2d 10, 18 (1990).

In light of the record evidence, the state appellate court reasonably determined that Petitioner was not entitled to a defense-of-others jury instruction. Petitioner testified in his own defense. He testified that the shooting was an act of self defense. Petitioner testified that Mitchell came at him and reached for the gun. Petitioner responded by shooting him. When asked why he fired the shot Petitioner explained at trial, "I was afraid if they got this gun, they was going to shoot me or use it on me." Thus, Petitioner's version of events described self defense, not defense of others. And the trial court did instruct the jury on self defense. There was no evidence presented at trial to create a legitimate basis for a defense-of-others defense. None of the witnesses testified that the fight was still occurring or that the man injured in the fight was still facing harm at the time Petitioner shot the victim. The trial court properly denied the request for an instruction on defense of others because it was not supported by any evidence.

Defense of others requires that the actor honestly and reasonably believe that he is in *imminent* danger of death or great bodily harm. A threat of future injury is not enough. *People v. Lemons*, 454 Mich. 234, 247; 562 N.W.2d 447 (1997); *People v. Truong*, 218 Mich.App. 325, 328, 337; 553 N.W.2d 692 (1996). Accordingly, even to the extent that Petitioner - contrary to his own testimony -  feared that the victim might renew his attack on the man beaten during the fight, such a belief does not relate to any imminent danger.

Moreover, any error in failing to instruct on the theory of defense of others did not have a substantial impact on the result of the trial, rendering any error harmless. *Fry v. Pliler*, 551 U.S.

13

112, 116 (2007). The jury rejected Petitioner's claim of self-defense, and there is no reason to believe that it would have done anything differently had it also been instructed on a defense-of-others defense.          Based on the above, the Court concludes that the Michigan Court of Appeal's rejection of Petitioner's instructional error claim was did not involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

### E. Evidence of Petitioner's Flight

Petitioner next asserts that the trial court erroneously allowed the prosecutor to present evidence that he fled the scene of the shooting. Respondent asserts that review of the claim is procedurally defaulted because Petitioner did not object to the introduction of this evidence at trial.

While the procedural default doctrine precludes habeas relief on a defaulted claim, the procedural default doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Thus, while a procedural default issue should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits of [a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted); *see also, Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (noting that procedural default issue should ordinarily be resolved first, but denying habeas relief on a different basis because resolution of the default issue would require remand and further judicial proceedings); *Walters v. Maass*, 45 F.3d 1355, 1360 n.6 (9th Cir. 1995).

Whether or not the claim is defaulted, Petitioner has not demonstrated entitlement to habeas relief with respect to this claim because it is without merit. "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the

petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (*citing Estelle v. McGuire*, 502 U.S. at 68-70).  Although the Supreme Court and the Court of Appeals for the Sixth Circuit have expressed skepticism about the probative value of flight evidence, *Parker v. Renico*, 506 F.3d 444, 450 (6th Cir. 2007), the evidence can be relevant, *United States v. Scheffer*, 523 U.S. 303, 331 (1998), and admissible to show guilt, *United States v. Dillon*, 870 F.2d 1125, 1126 (6th Cir. 1989).

The evidence showed that following the shooting, Petitioner left the scene on foot and got rid of his weapon.  Police located Petitioner a distance away from the scene and used a tracking dog to trace his path.  This evidence was admissible under Michigan law to show consciousness of guilt. *People v. Coleman*, 210 Mich. App. 1, 532 N.W.2d 885, 887 (1995).  The Court therefore finds that the alleged evidentiary error was not fundamentally unfair and did not deprive Petitioner of a fair trial.

### F.  Claims Raised on State Collateral Review

Petitioner's fifth through eleventh claims were presented to the state courts in his motion for relief from judgment.  Respondent asserts that review of these claims is procedurally defaulted because Petitioner failed to raise these claims during his appeal of right and the state courts relied upon this bar to deny him relief.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991).  The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*,

431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to determine whether a state court relied upon a procedural rule in denying relief. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

Petitioner presented these claims to the state courts in his motion for relief from judgment. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. See MICH. CT. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has recently held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the state trial court denied relief on procedural grounds. The trial court cited Michigan Court Rule 6.508(D)(3)(a) and concluded that Petitioner had not shown cause, i.e., that appellate counsel was ineffective, or prejudice because his underlying claims lacked merit, nor had he demonstrated his actual innocence. Accordingly, these claims are procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the

16

alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, *supra*.

Petitioner's eleventh habeas claim asserts ineffective assistance of appellate counsel as cause to excuse the procedural default of his other claims. Petitioner has not shown that appellate counsel was ineffective. In order to establish ineffective assistance of appellate counsel, Petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland v. Washington*, 466 U.S. 668, 690 (1984). Therefore, judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left

to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that by omitting the claims presented in his motion for relief from judgment appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented legitimate and viable issues in Petitioner's direct appeal. Indeed, Petitioner is still presenting those same claims in the instant petition, asserting that they entitle him to habeas relief. Petitioner has not shown that appellate counsel's strategy in presenting those claims and not raising the claims contained in the motion for relief from judgment was deficient or unreasonable. Moreover, the unraised claims, prosecutorial misconduct, ineffective assistance of counsel, and cumulative error, are certainly not "dead bang winners." The claimed acts of misconduct were not objected to at trial, and were therefore not preserved for appeal. Petitioner's trial counsel adequately presented his self-defense claim to the jury. While Petitioner claims that his counsel failed to adequately prepare a defense, he does not specify what further preparation would have produced. He identifies no defense witnesses who were not called or any other specific line of defense that was missed. Petitioner has thus failed to demonstrate that appellate counsel was

18

ineffective so as to establish cause to excuse his procedural default.

A federal court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Petitioner's fifth through eleventh claims are thus barred by procedural default and do not warrant federal habeas relief.

## IV.  Conclusion

The Court will deny the Petition for Writ of Habeas Corpus. The Court will also deny Petitioner a Certificate of Appealability. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R.APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be

warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

**V.  Order**


IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**


s/John Corbett O'Meara
United States District Judge


Date:  June 10, 2011




I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 10, 2011, using the ECF system and upon Petitioner at Thumb Correctional Facility by first-class U.S. mail.


s/William Barkholz
Case Manager

21