**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT ANTHONY BURGESS,

    Petitioner,　　　　　　　　　　CASE NO. 2:09-CV-10521
　　　　　　　　　　　　　　　　　　　　HONORABLE JOHN CORBETT O'MEARA
v.　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

DAVID BERGH,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL [DKT. #13] AND DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY [DKT. # 14]**

Robert Anthony Burgess, a state inmate, filed this habeas case under 28 U.S.C. § 2254. On June 10, 2011, the Court entered an Opinion and Order denying the petition and denying a certificate of appealability. Petitioner filed a notice of appeal on June 23, 2011. Presently before the Court are Petitioner's motion to proceed in forma pauperis on appeal and his motion for a certificate of appealability.

Federal Rule of Appellate Procedure 3(e) provides that the appellant must pay all required fees at the time a notice of appeal is filed with the district court. Under Sixth Circuit Internal Operating Procedure 103(1), the docketing fee for a case on appeal is $ 450.00. In addition, under 28 U.S.C. § 1917, a $ 5.00 filing fee must be paid to the district court. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which requires him to file a motion for leave to proceed

1

in forma pauperis and an affidavit showing his inability to pay the required fees. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal.

Although the Court has denied a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. *Id.*

In light of his indigence and the fact that he is not bringing his appeal in bad faith, Petitioner may proceed in forma pauperis on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Petitioner is not required to pay the $ 455.00 fee for filing an appeal. *See Kincade*, 117 F.3d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)

Petitioner has also filed a motion for a certificate of appealability (COA). The Court has already declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues

presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). Petitioner has not offered any argument to undermine the Court's decision to deny him a COA.

**IT IS ORDERED** that Petitioner 's motion for leave to proceed in forma pauperis on appeal (dkt. #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for a certificate of appealability (dkt. #14) is **DENIED**.

            s/John Corbett O'Meara
            United States District Judge

Date: August 12, 2011

  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 12, 2011, using the ECF system and upon Petitioner at Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, Michigan 48446 by first-class U.S. mail.

            s/William Barkholz
            Case Manager